UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JIMMIE LAZENBERRY,

    Plaintiff,

v.                                                    CASE NO. 3:16-cv-425-J-20MCR

INTERNAL REVENUE SERVICES,
CLAIMS DEPT., Claim # 266692674,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Court's Order dated July 11, 2016 (Doc. 8).

On April 8, 2016, Plaintiff filed a Complaint and then pursuant to the Court's April 13, 2016 Order, he filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Application"). (Docs. 1, 4.) On June 10, 2016, the Court entered an Order taking the Application under advisement and directing Plaintiff to file an amended complaint and an amended, notarized application no later than July 1, 2016. (Doc. 7.) Construing Plaintiff's Complaint liberally, the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

Court found that it was subject to dismissal for failure to state a claim on which relief may be granted and/or lack of jurisdiction.  (*Id.* at 2.)  Nevertheless, Plaintiff was given an opportunity to amend the Complaint and to file an amended, notarized application.  (*Id.* at 4-5.)  Plaintiff was warned that "[f]ailure to comply with this Order will likely result in a recommendation to the District Judge that the Application be denied and/or that the case be dismissed for failure to state a claim on which relief may be granted, lack of jurisdiction, and/or want of prosecution."  (*Id.* at 6.)

When Plaintiff did not comply with that Order, on July 11, 2016, the Court entered an Order directing Plaintiff to either file an amended complaint and an amended, notarized application, or show cause in writing why the undersigned should not recommend to the District Judge that the Application be denied and that the case be dismissed for failure to state a claim on which relief may be granted, lack of jurisdiction, and/or lack of prosecution, no later than July 26, 2016.  (Doc. 8.)  Plaintiff was warned that "[f]ailure to comply with this Order will likely result in a recommendation that the Application be denied and that the case be dismissed without further notice, unless Plaintiff pays the filing fee."  (*Id.* at 2.)

To date, Plaintiff has not filed an amended complaint and an amended, notarized application as directed by two Court Orders, he has not filed a response to the Order to Show Cause, he has not sought an extension of time to comply with the Court's Orders, and he has not paid the filing fee.  Thus, despite being

given an opportunity to cure the deficiencies in his Complaint and Application, Plaintiff has failed to do so. Therefore, the undersigned recommends that Plaintiff's Complaint be dismissed for failure to state a claim on which relief may be granted, lack of jurisdiction, and lack of prosecution. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(h)(3); M.D. Fla. R. 3.10(a).

Accordingly, it is respectfully **RECOMMENDED** that the Application (**Doc. 4**) be **DENIED**, this case be **DISMISSED without prejudice**, and the Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 1, 2016.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

*Pro Se* Plaintiff